IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALFRED E. JOHNSON, } | |
| TDCJ-CID NO. 1535996, } | |
|     Petitioner, } | |
| v. } | CIVIL ACTION NO. H-09-0042 |
| } | |
| RICK THALER, } | |
|     Respondent. } | |

OPINION ON DISMISSAL

Through counsel, petitioner Alfred Edward Johnson has filed an amended petition for federal habeas corpus relief from two 1999 convictions for criminal nonsupport of his children in cause numbers 785,381 and 785,382 in the 337th Judicial District Court of Harris County, Texas. (Docket Entry No.23). Petitioner has also filed a Motion to Stay Proceedings. (Docket Entry No.22). For the reasons to follow, the Court will deny petitioner's motion to stay the pending federal habeas action and dismiss his petition for non-exhaustion.

Procedural History

In early January 2009, while incarcerated in the Pam Lychner State Jail from the revocation of his probated sentence,[1] petitioner filed a *pro se* federal habeas petition. (Docket Entry No.1). Petitioner filed an amended petition and a supplement later that month. (Docket Entries No.3, No.4). In each pleading, petitioner indicated that he was represented by counsel and that counsel had records to support his petition. (Docket Entries No.1, No.3, No.4). In late June, petitioner's counsel informed the Court that petitioner had filed both state and federal

---

[1] Petitioner was sentenced to two years confinement in a state jail facility, probated for five years for each criminal nonsupport conviction. His probation was revoked on March 28, 2006, and he was sentenced to ten months in the State Jail Division of TDCJ. *See Johnson v State*, No. 14-06-00286-CR, No. 14-06-00287-CR, 2008 WL 596236 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

1

habeas petitions while incarcerated in Pam Lychner State Jail; counsel also sought an enlargement of time to file another amended habeas petition.[2] (Docket Entry No.12). The Court granted the motion for an enlargement. (Docket Entry No.13). In mid-September, the Court granted petitioner's fourth motion for an extension of time to file an amended habeas petition. (Docket Entry No.19). On October 1, 2009, the Court ordered petitioner's counsel to show cause for her failure to file an amended petition and ordered her to file an amended petition. (Docket Entry No.20). On October 22, 2009, petitioner's counsel filed the pending motion to stay and an amended petition. (Docket Entries No.22, No.23).

        Petitioner's pleadings and public records reflect the following: Petitioner challenged his state convictions on direct appeal on grounds that the evidence was insufficient to support his convictions, the prosecution was barred by the Double Jeopardy Clause, and he was denied the effective assistance of counsel at trial. *Johnson v. State*, No. 14-99-01130-CR, No.14-99-01131-CR, 2001 WL 1218412 (Tex. App. Houston [14th Dist.] pet ref'd Apr. 24, 2002). The judgment of the state district court was affirmed and his petition for discretionary review was refused. *Id.* Petitioner also sought collateral relief from the 1999 convictions but his state habeas applications were dismissed. *See Ex parte Johnson*, Application Nos. 53,077-01, 53,077-02 (Tex. Crim. App. Aug. 14, 2002); *Ex parte Johnson*, Application Nos. 53,077-03, 53-077-04 (Tex. Crim. App. August 27, 2003).

        Petitioner claims that in December 2008, he mailed a handwritten state habeas application to the 337th Judicial District Court of Harris County, Texas. (Docket Entry No.22). The application was received and file-stamped by the Harris County Assistant District Clerk but was not entered on the JIMS system. (*Id.*). Petitioner claims that it was misfiled in a closed file.

---

[2] Counsel also indicated that petitioner had sought habeas relief but all of his filings had been repeatedly and wrongfully denied on procedural grounds.

(*Id*.). On September 30, 2009, petitioner's trial counsel received notice from the Harris County District Clerk that petitioner would need to file his state habeas application on a pre-printed state form to comply with procedural rules effective May 1, 2007. (*Id.*). Petitioner does not indicate and public records do not show that he has now submitted a state habeas application challenging his convictions.

## Discussion

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).

A federal district court has discretion to stay a mixed habeas petition, which contains both exhausted and unexhausted claims, to allow the petitioner to exhaust the unexhausted claims in state court if the petitioner has good cause for his failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that petitioner engaged in intentionally dilatory tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). In this case, petitioner seeks federal habeas relief on claims that he presented to the state courts on direct appeal; he also seeks federal habeas relief on claims that the Texas courts have not addressed. (Docket Entry No.1). Given the procedural history of the present habeas action and the dilatory practices of petitioner's trial counsel in submitting a timely amended petition, the Court finds that good cause does not exist to stay and abate the pending petition. Petitioner seeks to protect his

right to federal habeas relief in case he fails to comply with the procedural requirements of state law; moreover, it is unlikely that the pendency of his state applications would serve to toll the federal limitations period. In such case, a stay merely rewards petitioner for his non-compliance and prolongs federal habeas review to no avail, contravening AEDPA's goal of "finality and speedy resolution of federal petitions." *Rhines*, 544 U.S. at 278. Accordingly, this case is DISMISSED for failure to exhaust and petitioner's "Motion to Stay Proceedings" (Docket Entry No.22) is DENIED.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing

that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

## Conclusion

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's Motion to Stay Proceedings (Docket Entry No.22) is DENIED.

2. Petitioner's federal habeas action is DISMISSED WITHOUT PREJUDICE for failure to exhaust.

3. A certificate of appealability is DENIED.

4. All pending motions are DENIED.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, this 3rd day of November, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE